IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| ROBERT MELVIN DAWSON, | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| v. | } | CASE NO. CV 00-B-3005-NE |
| | } | |
| JAMES W. WOODRUFF, JR.; MIKE BLAKELY, | } | |
| | } | |
| Defendants. | } | |

**ENTERED**

**SEP 19 2001**

## MEMORANDUM OPINION

This case is before the court on the Motion to Dismiss filed by defendant Mike Blakely.

In the Statement of the case, plaintiff states:

> On or around September 17, 1999, plaintiff Dawson had cause to file a complaint against the Clerk of Alabama Supreme Court, one Robert Esdale (CV-99-R-2489). As soon as defendant Woodruff was made aware of said complaint, he issued an illegal arrest warrant against plaintiff Dawson on September 20, 1999, and back dated it to read August 10, 1999, in an attempt to coverup his retaliation act. On September 20, 1999, defendant Sheriff Blakely sent the arrest warrant to Colbert County Sheriff's Department, requesting them to arrest plaintiff Dawson, which Colbert County Sheriff's Department did.

The allegations against defendant Blakely are contained in Count Four:

> Plaintiff alleges that he is being illegally discriminated against due to his pro se status by both named defendants and is being hurt mentally as well as physically and that both defendants who either intentionally conspired together to retaliate and punish plaintiff for impermissible reasons or who were acting in bad faith to punish plaintiff in retaliation for daring to sue the Clerk of the Alabama Supreme Court.

The allegations in Count Five are that:

> ... defendants consciously with malice disregarded and thereby violated their oath of office with intent and desire to hurt plaintiff Dawson, to humiliate plaintiff Dawson, to punish plaintiff Dawson by acts of ill will and illegality,

while defendants were acting under color of State law, for which plaintiff's only remedy is through federal intervention.

As noted in Blakely's Motion to Dismiss, the Complaint does not say whether Blakely is sued in his official or individual capacity. However, as defendant notes, the facts as plead refer only to actions taken by defendant Blakely which could have occurred while he was acting in his official capacity as Sheriff of Limestone County, Alabama.

**Section 1983 Claim**

Section 1983 of Title 42 of the United States Code states:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To obtain relief under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law. *Patrick v. Floyd Medical Center*, 201 F.3d 1313, 1315 (11th Cir. 2000). Section 1983 is not a source of substantive federal rights. *Whiting v. Traylor*, 85 F.3d 581, 583 (11th Cir. 1996) (citations omitted). Instead, to state a claim under § 1983, a plaintiff must point to a violation of a specific federal right. *Id.* Plaintiff alleges that defendant Blakely, while acting under color of state law, conspired with defendant Woodruff to "punish plaintiff in retaliation for daring to sue the Clerk of the Alabama Supreme Court." *See* Complaint. Count One alleges that defendant Woodruff issued "what he knew to be an illegal arrest warrant to plaintiff Dawson in retaliation for plaintiff suing the Clerk of the Alabama Supreme Court."

*Immunity*

Although the text of § 1983 does not explicitly provide immunity, the Supreme Court has reasoned that at the time Congress enacted § 1983, Congress intended to incorporate the common law immunities then available. *See Buckley v. Fitzsimmons,* 509 U.S. 259, 268 (1993); *Malley v. Briggs,* 475 U.S. 335, 339-40 (1986); *Imbler v. Pachtman,* 424 U.S. 409, 417-18 (1976). "Thus, determination of absolute immunity under § 1983 is not a policy determination, but involves a historical exercise." *Jones,* 174 F.3d at 1281. The Supreme Court and lower courts have developed a "functional approach" to determine whether executive branch public officials should be granted absolute immunity for taking particular actions, or whether they should enjoy instead only the qualified immunity normally afforded public officials. *See, e.g., id.* at 1282.

In determining absolute immunity, the court must examine the "nature of the function performed, not the identity of the actor who performed it." *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997). If the function is similar to a function which would have been immune when Congress enacted § 1983, and if a court determines that § 1983's history or purposes support special protection for the activity, then the court will hold the official absolutely immune from liability. *Jones,* 174 F.3d at 1282. State officials who would not normally enjoy absolute immunity from suit may be entitled to such immunity when they are acting at the direction of an official having such immunity. *C.f. Roland v. Phillips,* 19 F.3d 552, 555 (11th Cir. 1994) ("Absolute immunity for officials assigned to carry out a judge's orders is necessary to insure that such officials can perform their function without the need to secure permanent legal counsel. A lesser degree of immunity could impair the judicial process."); *Mauldin v. Burnette,* 89 F. Supp. 2d 1371, 1380 (M.D. Ga. 2000) ("Law enforcement officers who execute facially valid court orders in their law

enforcement capacities are cloaked with absolute quasi- judicial immunity. . . . Even an unlawful or erroneous order can be considered a 'facially valid order.'. . . Moreover, it is irrelevant for purposes of absolute quasi-judicial immunity whether the order at issue is written or verbal.") (citations and quotations omitted); *International Molders and Allied Workers, AFL-CIO v. Buchanon Lumber Birmingham*, 459 F. Supp. 950, 952 (N.D. Ala. 1978) (Law enforcement personnel acting under the judge's order are entitled to quasi-judicial immunity.).

Assuming the allegations in the Complaint to be true, Circuit Court Judge James Woodruff issued an arrest warrant which was then sent by Sheriff Blakely to the "Colbert County Sheriff's Department requesting them to arrest plaintiff Dawson which Colbert County Sheriff's office did." *See* Complaint.

It is well settled that judges are entitled to the defense of absolute judicial immunity and are not subject to liability for damages for actions committed in their judicial capacity. *Stump v. Sparkman*, 435 U.S. 349 (1978); *see also Pierson v. Ray*, 386 U.S. 547 (1967). This immunity applies even when the judicial acts are done maliciously or corruptly. *Stump v. Sparkman*, 435 U.S. at 356; *Harris v. Deveaux*, 780 F.2d 911, 914 (11th Cir. 1986); *Wahl v. McIver*, 773 F.2d 1169, 1172 (11th Cir. 1985). Judicial immunity may be surrendered only where the judge was not acting in a judicial capacity or where his or her action was performed in the "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. at 356-57; *see also Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).[1]

---

[1]Mr. Dawson has filed numerous complaints in this court. *See Dawson v. Robert G. Esdale, Clerk, Alabama Supreme Court*, CV 99-B-2489-NW; *Dawson v. John David Strong, Silas Nelson, Chancy, Sergeant, Willie Johnson, Fob James, Joe Hopper, Archie Dansby, Stallworth, Mailroom Clerk, James Ray, Robert Skipper, Lieutenant*, CV 98-S-0879-NW; *Dawson v. Betty Jane Lovell, individually, Charles D. Page, Jr., Clerk of Circuit Court, Limestone County, AL, Jim Landers, Deputy Sheriff,*

The only conspiracy that the Complaint alleges is between defendant Woodruff, the state judge, and Sheriff Blakely. "To state a claim for conspiracy to violate Section 1983, plaintiff[] must allege that defendant conspired with others who not only acted under color of state law but also may be held liable for their complicity." *Buchanan Lumber Birmingham*, 459 F. Supp. at 952. This plaintiff cannot do. Because Woodruff is cloaked with absolute judicial immunity, defendant Blakely is entitled to absolute quasi-judicial immunity. Therefore, defendant Blakely's Motion to Dismiss is due to be granted.

**DONE** this ___19th___ day of September, 2001.

*Sharon Lovelace Blackburn* (signature)
**SHARON LOVELACE BLACKBURN**
United States District Judge

---

*Limestone County, AL, Mike Blakely, Sheriff, Limestone, County, AL, Sonia Blackmon, Clerk, Limestone County, AL, CV 97-B-2737-NW; Dawson v. James W. Woodruff, Jr., Circuit Court Judge of Limestone County, CV 97-C-2203-NE; Dawson v. Charles D. Page, Jr., District Court Clerk of Limestone County, CV 96-S-3287-NE; Dawson v. Betty Jane Lovell, Don C. Totten, Attorney, CV 96-S-2315-NW; Dawson v. J.T. Newton, Franklin County Court Clerk, Ben Richey, Franklin County Judge, Harold Washington, Police Officer, Franklin County, Russellville, AL, CV 94-S-2134-NE; Dawson v. Dennis Baily, State Trooper, Colbert County, AL, Tommy Jones, Deputy Sheriff of Franklin County, AL, Ben Richey, District Court Judge at Franklin County, James Woodall, CV 94-G-2133-NE.* The court notes that many of the claims plaintiff has previously raised have been dismissed on grounds of judicial immunity.