IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
MAR 29 2002
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

ROBERT MELVIN DAWSON, SR., }
                            }
    Plaintiff,              }
                            }
v.                          }    CASE NO. CV 00-B-3005-NE
                            }
JAMES W. WOODRUFF, JR.,     }
                            }
    Defendant.              }

ENTERED
APR - 1 2002

## MEMORANDUM OPINION

On September 19, 2001, this court entered an Order directing plaintiff to show cause on or before October 8, 2001, why plaintiff's claims against defendant Woodruff should not be dismissed based on judicial immunity. On October 5, 2001, plaintiff filed his reply to the court's Order. In his reply, plaintiff does not address the issue of judicial immunity but argues that "even if Defendant Woodruff is entitle [sic] too [sic] absolute immunity from liability under the doctrine of judicial immunity in his official capacity, it doesn't warrant an entry of dismissal of this case at bar, as Plaintiff still has grounds to pursue this case because of the monies taken away from Plaintiff illegally by the arrest at issue." Plaintiff goes on to argue that he is entitled to have returned to him the $749.00 that plaintiff states he had to pay in order to be released from jail.

As stated by the court in its September 19, 2001, Order, the court seriously questions whether defendant Woodruff was properly served. The court also discussed in its September 19, 2001, Opinion the claims against defendant Woodruff and the fact that judicial immunity barred plaintiff's claims against Woodruff:

In Count One of his Complaint, "[p]laintiff alleges that defendant James W. Woodruff has acted in bad faith and with arrogant biasness, denied plaintiff the equal protection of the due process of law when on September 20, 1999, defendant Woodruff issued what he knew to be an illegal arrest warrant for plaintiff Dawson in retaliation for plaintiff suing the Clerk of the Alabama Supreme Court." Count Two contends defendant Woodruff has denied "[p]laintiff access to the Courts." Count Three alleges that plaintiff "has exhausted all available State Court remedies regarding defendant Woodruff issuing his illegal arrest warrant as well as defendant Woodruff refusing to recuse himself from Trooper Dunn's case." Count Four alleges that defendants conspired to "retaliate and punish plaintiff for impermissible reasons or . . . were acting in bad faith to punish plaintiff in retaliation for daring to sue the Clerk of the Alabama Supreme Court." Count Five alleges that defendants acted "with wanton and reckless disregard for plaintiff['s] well established state and Constitutional rights." In essence, plaintiff asserts that defendant Woodruff issued an "illegal arrest warrant" and "conspired" with defendant Sheriff Blakely to violate his constitutional rights.

It is well settled that judges are entitled to the defense of absolute judicial immunity and are not subject to liability for damages for actions committed in their judicial capacity. *Stump v. Sparkman*, 435 U.S. 349 (1978); *see also Pierson v. Ray*, 386 U.S. 547 (1967). This immunity applies even when the judicial acts are done maliciously or corruptly. *Stump v. Sparkman*, 435 U.S. at 356; *Harris v. Deveaux*, 780 F.2d 911, 914 (11th Cir. 1986); *Wahl v. McIver*, 773 F.2d 1169, 1172 (11th Cir. 1985). Judicial immunity may be surrendered only where the judge was not acting in a judicial capacity or where his or her action was performed in the "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. at 356-57; *see also Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).[1]

---

[1] Mr. Dawson has filed numerous complaints in this court. *See Dawson v. Robert G. Esdale, Clerk, Alabama Supreme Court, CV 99-B-2489-NW; Dawson v. John David Strong, Silas Nelson, Chancy, Sergeant, Willie Johnson, Fob James, Joe Hopper, Archie Dansby, Stallworth, Mailroom Clerk, James Ray, Robert Skipper, Lieutenant, CV 98-S-0879-NW; Dawson v. Betty Jane Lovell, individually, Charles D. Page, Jr., Clerk of Circuit Court, Limestone County, AL, Jim Landers, Deputy Sheriff, Limestone County, AL, Mike Blakely, Sheriff, Limestone, County, AL, Sonia Blackmon, Clerk, Limestone County, AL, CV 97-B-2737-NW; Dawson v. James W. Woodruff, Jr., Circuit Court Judge of Limestone County, CV 97-C-2203-NE; Dawson v. Charles D. Page, Jr., District Court Clerk of Limestone County, CV 96-S-3287-NE; Dawson v. Betty Jane Lovell, Don C. Totten, Attorney, CV 96-S-2315-NW; Dawson v. J.T. Newton, Franklin County Court Clerk, Ben Richey, Franklin County Judge, Harold Washington, Police Officer, Franklin County, Russellville, AL, CV 94-S-2134-NE; Dawson v. Dennis Baily, State Trooper, Colbert County, AL, Tommy Jones, Deputy Sheriff of Franklin County, AL, Ben Richey, District Court Judge at Franklin County, James Woodall, CV 94-G-2133-NE.* The court notes that many of the claims plaintiff has previously raised have been dismissed on grounds of judicial immunity.

Defendant Woodruff is entitled to judicial immunity on all claims asserted against him. This action is due to be dismissed against defendant Woodruff. An order will be entered in accordance with this Opinion.

**DONE** this 29th day of March, 2002.

*Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge